# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. Misty Murphy,  Plaintiff/Relator, vs. BAPTIST MEDCARE, INC. d/b/a PRACTICE PLUS,  Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) Case No.: 4-02-CV-00440 RW |

## CONFIDENTIALITY AND PROTECTIVE ORDER

WHEREAS, the Court recognizes the legitimate interests of the parties and non-parties subpoenaed in the above-captioned action in the confidentiality and security of business and personal documents and information, as well as the requirements of the Health Insurance Portability and Accountability Act ("HIPPA"), pursuant to 45 C.F.R. §§ 164.501, 164.508, and 164.512(e)(1)(v), and Rules 26(c) and (g) of the Federal Rules of Civil Procedure, it is hereby stipulated and agreed by and between the parties, through their respective undersigned counsel,

**AND SO ORDERED BY THE COURT THAT:**

1. This Confidentiality and Protective Order ("Order") governs all documents and information produced in this action by any party, or any non-party that is subject to a subpoena for oral examination, subpoena *duces tecum*, or called to testify in this matter at trial; all copies of or information contained in any such documents; responses to Interrogatories, Requests for Production of Documents, Requests for Admissions or other discovery; and all other information produced or provided in this action by the parties, including without limitation, depositions, pleadings, exhibits, and hearing and trial testimony.

CHIC_1349947.1

2. Subject to the limitations set forth in this Order, a designation of "CONFIDENTIAL" means information other than non-confidential information, whether embodied in any physical medium, used by the designating party in or pertaining to its trade or business, which information the designating party believes in good faith has competitive value, which is not generally known to others and which the designating party would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence ("Confidential Information"). Information may also be designated "Confidential" if the designating party believes in good faith that the information falls within the right to privacy guaranteed by the laws of the United States and the State of Arkansas.

3. The primary purpose of this Order is to comply with the requirements of HIPAA and 45 C.F.R. §§ 164.501, 164.508, and 164.512(e)(1)(v). Therefore, Confidential Information shall also include "protected health information" as described in 45 C.F.R. § 164.501. Protected health information includes information that (i) relates to the past, present or future physical or mental health or condition of an individual (i.e. patient); the provision of health care to an individual, or the past, present or future payment for the provision of health care to an individual; (ii) identifies the individual (or for which there is a reasonable basis for believing that the information can be used to identify the individual); and (iii) is received by a party, or is made accessible to a party as a result of this litigation and covered by this Order.

4. Confidential Information shall be stamped or otherwise designated "CONFIDENTIAL." This procedure shall be followed with regard to documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admissions, or other materials (apart from depositions or other pretrial or trial testimony). In the event the producing party inadvertently fails to designate a document or testimony as Confidential Information, that

party may make such a designation subsequently by promptly notifying the other parties in writing. Until such notification, however, disclosure of any such document or testimony shall not constitute a violation of this Order.

5. Portions of deposition transcripts may be designated as Confidential Information or by a statement on the record at the deposition or by written designation to all parties within 10 days after receipt of the transcript. After receipt of such notification, the parties to whom production has been made will treat that document or testimony as Confidential Information subject to their right to contest such designation as provided herein.

6. <u>Adequate Safeguards for Protected Health Information</u>. The parties warrant that they shall implement and maintain appropriate safeguards to prevent the use or disclosure of protected health information in any manner other than as permitted by this Order. Parties agree to limit the use and disclosure of protected health information to the minimum necessary in accordance with all applicable privacy rights, statutes, rules, and regulations. Specifically as to electronic protected health information, parties shall implement administrative, physical and technical safeguards that reasonably and appropriately protect the confidentiality, integrity and availability of electronic protected health information.

7. <u>Reporting Non-Permitted Use or Disclosure and Security Incidents</u>. Parties shall promptly report any use or disclosure of Confidential Information that is not specifically permitted by this Order, as well as each "Security Incident" of which a party becomes aware. "Security Incident" means the attempted or successful unauthorized access, use, disclosure, modification, or destruction of information in, or interference with system operations of, an Information System which contains electronic protected health information. However,

Security Incident does not include attempts to access an Information System when those attempts are not reasonably considered by a party to constitute an actual threat to the Information System.

8. <u>Amendment of Protected Health Information</u>. Parties shall, to the extent they or a "Covered Entity" (as that term is used in 45 C.F.R. § 164.501) determines that any protected health information constitutes a "designated record set" as defined by 45 C.F.R. § 164.501, make any amendments to protected health information that are requested by a party and or Covered Entity. Parties shall make such amendment within ten (10) business days after receipt of the request in order for Covered Entity to meet the requirements under 45 C.F.R. § 164.526.

9. Confidential Information shall not be disclosed directly or indirectly to any person other than as provided herein except by consent in writing of the party, or counsel for the party, who produced the Confidential Information. **Unauthorized disclosure of the substance, a summary, or any material portion of Confidential Information constitutes a violation of this Order. Confidential Information shall not be used for any purpose other than to prosecute or defend this litigation, or as required by law enforcement, and not for any business, commercial, or other purposes whatsoever.**

10. Confidential Information may be disclosed only to the following persons:

   A. counsel(s) of record for the parties, including any staff members assisting in the preparation for trial or appeal of the action;

   B. counsel(s) from the United States Attorney's Office and Department of Justice who are working on this case, including any staff members assisting in the matter;

   C. named parties, including any officers, directors, or employees thereof assisting in the preparation for trial or appeal of this action, provided such officers, directors, or employees execute a Confidentiality Agreement pursuant to paragraph 11 below;

    D.    any experts, consultants, or advisors employed or retained by counsel(s) of record for the parties to perform investigative work, research, analysis or other services related to this action provided such experts, consultants, or advisors execute a Confidentiality Agreement pursuant to paragraph 11 below;

    E.    deponents, during the course of their depositions, if the attorney making such disclosure obtains an executed Confidentiality Agreement from that deponent pursuant to paragraph 11 below;

    F.    the Court, and any members thereof, or jurors duly empanelled thereby, who require access to the Confidential Information; and

    G.    Court reporters and their staff.

11.    Each person receiving disclosure of Confidential Information, other than counsel of record in this action (and staff of said counsel(s)), the Court and any members thereof, and court reporters, shall be shown a copy of this Order and shall sign a Confidentiality Agreement in the form attached hereto as Exhibit "A." Each such person agrees to be subject to the restrictions imposed by this Order and to submit his or her person to the jurisdiction of this Court for the limited purpose of securing compliance with the terms of this Order. This Order is enforceable by contempt proceedings, which may include monetary penalties. Counsel for the party making such disclosure shall keep the original executed Confidentiality Agreements in its possession, but will provide copies of each signed Confidentiality Agreement to the other party on request.

12.    Any documents or pleadings to be filed with the Court that contain Confidential Information shall be lodged conditionally under seal in accordance with the authority afforded to this Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. If any Confidential Information is submitted to the Court, the party submitting the Confidential Information shall file a copy of the pleading containing the Confidential Information in redacted form. The party submitting the Confidential Information or any other party or third party with an

interest in maintaining the confidentiality of the submitted information shall have 10 days to file a motion to seal the information permanently. During the pendency of the motion, the Confidential Information shall remain lodged conditionally under seal.

13. At the request of a producing party, the Court may limit or restrict person(s) not permitted access to Confidential Information from attending any hearing or deposition (or portion thereof) at which such information is revealed.

14. The parties shall not present or quote from any Confidential Information in open court, unless the Court shall order otherwise. Presentation of, or quotations from, Confidential Information shall be heard by the Court under such conditions and safeguards as the Court may impose to prevent improper disclosure of Confidential Information. Prior to trial, the parties shall meet and confer concerning appropriate methods for dealing with Confidential Information at trial.

15. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, the party seeking disclosure of information designated as Confidential Information may file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Order. The disputed information shall be treated as Confidential Information under the terms of this Order until the Court rules on the motion.

16. Nothing contained herein shall be deemed a waiver of, nor in any way limit any party's right to refuse production of any document or information on the basis of a claim of privilege, or any other grounds not encompassed within the terms of this Order.

17.     Whenever a party to this proceeding, or any non-party, is requested by one not already subject to this Order, pursuant to subpoena, request for production and inspection of documents, or other lawful process or request, to produce or disclose Confidential Information, that party or non-party shall, as soon as is reasonably practicable, but no later than five days after service of that request, notify counsel of record for the party who produced the Confidential Information subject to the request, and further provide such counsel with (1) a copy of the document requesting the Confidential Information, and (2) an opportunity to quash or contest the request. The party requested to produce the Confidential Information shall assert an objection that the requested Confidential Information is not subject to production under this Order, and refer the requesting party to counsel of the party who initially produced the Confidential Information to resolve any dispute over said objection.

18.     A non-willful violation of this Order will not give raise to a claim for civil damages against the party or person violating the Order. Any penalty for violation of this Protective Order shall be in the discretion of the Court, in addition to possible liability to any injured party.

19.     The parties hereto agree to be bound by the terms of this Order until such time as either the Order is signed by the Court or such other appropriate protective order is entered by the Court.

20.     This Order shall survive termination of this action. Upon final termination of the action, including appeals and retrials, and at the written request of the designating party, all Confidential Information including deposition testimony regarding designated exhibits and all copies thereof, shall be returned to outside counsel for the designating party or, if such party is not represented by counsel, directly to the designating party. Such Confidential Information

shall either be returned at the expense of the designating party or, at the option and expense of the requesting party, destroyed. Upon request for the return or destruction of Confidential Information, outside counsel for the non-designating party shall certify their compliance with this provision and shall deliver such certification to outside counsel for the designating party not more than 90 days after the written request to return or destroy Confidential Information. Notwithstanding the provisions for return or destruction of Confidential Information, outside counsel may retain pleadings, attorney and consultant work product, deposition transcripts and exhibits containing Confidential Information, as well as one copy of each item of Confidential Information for archival purposes. However, upon termination or expiration of this Order, parties shall either return or destroy all protected health information in the possession or control of a party or its agents and subcontractors.

21.    Nothing in this Order shall limit any designating party's use of its own documents and information, nor shall it prevent the designating party from disclosing its own confidential information or documents to any person. Such disclosure shall not affect any designations made pursuant to the terms of this Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

22.    <u>Use of Redacted Documents</u>. Notwithstanding the above provisions, the parties may use the documents covered by this Order as exhibits to pleadings filed with the court and during trial, without filing the documents under seal, so long as the party introducing the document first redacts any patient protected health information.

SUBMITTED AND STIPULATED BY:

DATED: Aug 7, 2006          By: /s/ Byron Freeland

Byron Freeland, Esq.
MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD, P.L.L.C.
425 West Capital Avenue, Suite 1800
Little Rock, AR 72201
501-688-8800

Kevin J. Egan
Daniel S. Reinberg
Michael P. Tomlinson
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, Illinois 60610-4764
312-832-4500

ATTORNEYS FOR BAPTIST
MEDCARE, INC.


DATED: Aug 4, 2006          By: /s/ Luther Sutter

Luther Sutter, Esq.
Harrill & Sutter, P.L.L.C.
310 Natural Resources Drive
P.O. Box 26321
LITTLE ROCK, AR 72221-6321

Robert R. Cortinez II
Cortinez Law Firm
1421 South Main Street
P.O. Box 217
LITTLE ROCK, AR 72203-0217

ATTORNEYS FOR PLAINTIFF MISTY
MURPHY

**IT IS SO ORDERED.**

DATED: August 9, 2006          By: _____
                                    UNITED STATES MAGISTRATE
                                    JUDGE J. THOMAS RAY

Copies furnished to:

Byron Freeland, Esq.
MITCHELL, WILLIAMS, SELIG, GATES
& WOODYARD, P.L.L.C.
425 West Capital Avenue, Suite 1800
Little Rock, AR 72201
501-688-8800

Kevin J. Egan
Daniel S. Reinberg
Michael P. Tomlinson
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, Illinois 60610-4764
312-832-4500

Luther Sutter, Esq.
Harrill & Sutter, P.L.L.C.
310 Natural Resources Drive
P.O. Box 26321
Little Rock, AR 72221-6321

Michael F. Hertz, Esq.
U.S. Department of Justice
Civil Division
P.O. Box 261
Ben Franklin Station
Washington, D.C. 20044-0261

Robert R. Cortinez II
Cortinez Law Firm
1421 South Main Street
P.O. Box 217
Little Rock, AR 72203-0217

Doug Chavis, Esq.
Assistant U.S. Attorney

CHIC_1349947.1                          10

Suite 500
425 West Capitol Ave.
P.O. Box 1229
Little Rock, AR  72203

## Exhibit A

## CONFIDENTIALITY AGREEMENT

I, _____, hereby acknowledge and agree that:

1. I have read the foregoing Confidentiality and Protective Order dated ____, 2006 (the "Protective Order"), which I am informed has been entered in the action presently pending in the United States District Court, Eastern District of Arkansas, Little Rock Division, entitled *United States of America ex rel Misty Murphy v. Baptist Medcare, Inc. d/b/a Practice Plus*, 4:02CV00440 RSW/JTR;

2. I understand the terms of the Protective Order;

3. I agree, upon threat of penalty of contempt and other civil remedies, to be bound by such terms; and

4. I shall irrevocably submit my person to the jurisdiction of the United States District Court, Eastern District of Arkansas for the limited purpose of securing compliance with the terms of and conditions of the Protective Order.

Dated: _____, 2006

_____
SIGNATURE

_____
PRINTED NAME

CHIC_1349947.1