IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA,
ex rel. MISTY MURPHY,                                               PLAINTIFFS


V.                    CASE NO. 4:02-CV-440 (RSW)


BAPTIST MEDCARE, INC.
d/b/a PRACTICE PLUS,                                                 DEFENDANT.


**MEMORANDUM AND ORDER**


**I.  Introduction**

Before the Court is the Defendent Baptist Medcare, Inc.'s, d/b/a Practice Plus ("Practice Plus"), Motion to Dismiss Count I and Renewed Motion to Dismiss Count II of the Plaintiff Misty Murphy's Second Amended and Substituted Complaint (doc. #96). For the reasons discussed below, Practice Plus's motion is **DENIED**.

**II.  Background**

In July 2002, Murphy filed this qui tam action on behalf of the United States, alleging Practice Plus violated the False Claims Act, 31 U.S.C. §§ 3729-32 ("FCA")[1] (doc. #1). Specifically, Murphy alleged the defendant submitted false Medicare and Medicaid claims to the United States for payment and

---

[1] A private party may bring a civil action for violation of the False Claims Act for both the person and the United States Government. 31 U.S.C. § 3730(b)(1).

approval.  Murphy amended her original complaint to include an allegation of retaliation (doc. #25).

Practice Plus moved to dismiss the First Amended and Substituted Complaint for lack of specificity (doc. #26).  This Court dismissed Counts One and Two of the First Amended and Substituted Complaint without prejudice for failure to plead fraud with particularity as Fed. R. Civ. P. 9(b) requires (doc. #39).

In September 2004, Murphy filed her Second Amended and Substituted Complaint, including additional allegations of fraudulent billing (doc. #43).  Practice Plus moved for summary judgment on both counts of the Second Amended and Substituted Complaint (doc. #51) and moved to dismiss count two of Murphy's Second Amended and Substituted Complaint (doc. #54).  This Court denied both motions (doc. #80).

Practice Plus now moves to dismiss both counts of the Second Amended and Substituted Complaint (doc. #96).  Practice Plus argues Murphy has not pled her complaint with sufficient particularity as Fed. R. Civ. P. 9(b) requires and in light of the Eighth Circuit's holding in U.S. ex rel. Joshi v. St. Luke's Hosp., Inc., 441 F.3d 552 (8th Cir. 2006).

**III. Discussion**

When considering a motion to dismiss, the Court must assume that all facts alleged in the complaint are true and construe the complaint in a light most favorable to the plaintiff.  Coleman v.

2

<u>Watt</u>, 40 F.3d 255, 258 (8th Cir. 1994).  The motion should be granted only if the plaintiff can prove no set of facts that would entitle her to relief.  <u>Id.</u>

In <u>Joshi</u>, the Eighth Circuit upheld the district court's dismissal of a <u>qui tam</u> action because the plaintiff failed to plead the complaint with particularity.  441 F.3d at 561.  Joshi, an anesthesiologist, sued under the FCA, claiming St. Luke's had fraudulently submitted claims and received Medicare reimbursement for anesthesia services.  <u>Id.</u> at 554.  Joshi's complaint made broad averments such as, "'all the nurse anesthetists' work was illegal,'" and that "'every invoice for nurse anesthetist work was fraudulent because no nurse anesthetist was medically supervised or directed.'"  <u>Id.</u> at 556. The court noted that because the FCA involves fraud, complaints under the FCA must comply with Fed. R. Civ. P. 9(b), allowing "'the defendant to respond specifically and quickly to the potentially damaging allegations.'"  <u>Id.</u> (quoting <u>United States ex rel. Costner v. URS Consultants, Inc.</u>, 317 F.3d 883, 888 (8th Cir. 2003)).  "[T]he complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result."  <u>Id.</u>  Put another way, the complaint must identify the "who, what, where, when, and how" of the alleged fraud.  <u>Id.</u>  The court concluded Joshi had failed to meet any of the "who, what, where, when, and how" requirements.  <u>Id.</u>  In an issue of first

3

impression, the court also refused to allow a qui tam litigant to use discovery to "fill in the blanks" of the complaint, holding, "Nothing requires Dr. Joshi to state every factual detail concerning every alleged fraudulent claim submitted during the last sixteen years; rather, Dr. Joshi need only plead some representative examples within the statute of limitations."  Id. at 560.

This case is distinguishable from Joshi.  In Joshi, the plaintiff's complaint was completely lacking any specificity, using averments such as "'all the nurse anesthetists' work was illegal,'" and that "'every invoice for nurse anesthetist work was fraudulent because no nurse anesthetist was medically supervised or directed.'"  Joshi, 441 F.3d at 556.  Murphy's averments in her Second Amended and Substituted Complaint, however, are more specific and meet the "who, what, where, when, and how" requirements.  In paragraph 12(a), Murphy addresses who allegedly perpetrated the fraud:  Mike Heck, Mike Howell, Steve Thomason, and Stacy Hines.  In paragraph 12(c), she answers the when: approximately four to five months after she started in October 1999 at least until she was terminated in February 2001.  She also provides additional time periods in paragraphs 23, 24, and 34.  In paragraph 24, Murphy specifically provides the where: Perryville Clinic, Sherwood Family Clinic, Little Rock Family Clinic, Lakewood Family Clinic, NLR Family Clinic, Bryant Family Clinic, Cabot Family Clinic, England Family Clinic, Maumelle Family Clinic, and Lonoke Family Clinic.  Finally, Murphy

provides the what and how in the conduct, claims, and transactions described in paragraphs 12(b) and in paragraphs 23-34.  Murphy has met her burden to provide some representative examples when she discussed the conduct she was aware of in paragraphs 23-34.

Practice Plus seems to suggest that because of Murphy's supervisory position, she should have knowledge of every fact and that all facts must be included in the complaint.  However, a burden this onerous would eliminate the need for discovery and greatly surpass the standard imposed in Fed. R. Civ. P. 9(b).  As the Eighth Circuit acknowledged in Joshi, "Nothing requires [the plaintiff] to state every factual detail concerning every alleged fraudulent claim submitted . . . ."  Joshi, 441 F.3d at 560.  Therefore, Practice Plus's Motion to Dismiss Count I and Renewed Motion to Dismiss Count II are **DENIED.**

   **IT IS SO ORDERED.**

   Dated this 1st day of November, 2006.

RODNEY S. WEBB, District Judge
United States District Court