```
           IN THE UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF ARKANSAS
                    WESTERN DIVISION
```

Misty Murphy,                    )
                                 )
            Plaintiff,           )   Case No. 4:02-cv-440
                                 )
      vs.                        )
                                 )
Baptist Medcare, Inc.            )
d/b/a Practice Plus              )
                                 )
            Defendant.           )

### ORDER

Defendant Baptist Medcare, Inc. moves the Court for an order excluding the testimony of Dr. Vince Lucy (doc. #153). Plaintiff Misty Murphy also moves for an order addressing the admissibility of Dr. Lucy's testimony (doc. #150). As discussed below, the Court agrees with Baptist that Dr. Lucy's testimony should be excluded, and thus Baptist's Motion in Limine is **GRANTED**.

Dr. Lucy was an employee of Arkansas Health Group ("AHG"), an Arkansas not-for-profit corporation. Murphy, on the other hand, was employed by Practice Plus, a for-profit entity. At the pretrial conference held on November 18, 2008, the parties explained that these were separate entities, although they are connected through Baptist's large association of health-related companies. They did share the same decision-maker, Mike Heck, as well as the same human resources director and the same control group under Baptist.

1

Dr. Lucy allegedly engaged in protected activity by refusing to falsely certify that he was present during emergence. There was some dispute over his involvement in complaining about billing disputes, but ultimately both parties agreed that he was fired by Mike Heck, who also fired Murphy.

Despite Murphy's contentions, the relevancy of Dr. Lucy's testimony is attenuated at best. Dr. Lucy's concerns regarding anesthesiology practices and any related billing problems were entirely different than Murphy's concerns. Her complaints were more directed at cheating the government in making reimbursement claims, which is the underlying subject of her False Claims Act claim before the Court. Dr. Lucy's complaints had no relation to this false claims basis.

Furthermore, the commonality between the two cases is strained. Murphy and Dr. Lucy were employed by separate entities and they did not work together, and may not even know each other. While each person's final termination was signed off by Mike Heck, their complaints with their respective employers were brought to the attention of superiors through two different chains from the bottom up. Accordingly, the testimony of Dr. Lucy is too remote to Murphy's case under Federal Rule of Evidence 402, and, in any case, it would serve to unfairly prejudice the defendant, waste time, and confuse the issues under Rule 403.

Finally, the Court acknowledges Murphy's argument that the Eighth Circuit has allowed similar background evidence to be presented to assess whether "a given employer was more likely than not to have acted from an unlawful motive." <u>Phillip v. ANR Freight Systems, Inc.</u>, 945 F.2d 1054, 1056 (8th Cir. 1991). Murphy's case is distinguishable, however, because those cases involved multiple employees, working for the same employer with the same corporate chain, regarding the same or similar circumstances leading to each's respective termination.  That is not the case here, as described above.  The Court thus **GRANTS** the defendant's Motion in Limine and excludes the testimony of Dr. Lucy.

    **IT IS SO ORDERED**.

Dated this 20th day of November, 2008.

/s/ Rodney S. Webb
RODNEY S. WEBB, District Judge
United States District Court

3