```
           IN THE UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF ARKANSAS
                     WESTERN DIVISION
```

Misty Murphy,                         )
                                      )
                Plaintiff,            )   Case No. 4:02-cv-440
                                      )
        vs.                           )
                                      )
Baptist Medcare, Inc.                 )
d/b/a Practice Plus,                  )
                                      )
                Defendant.            )

## MEMORANDUM OPINION AND ORDER

Plaintiff Misty Murphy ("Murphy") has filed a Motion for New Trial and to Alter the Judgment (doc. #171). Defendant Baptist Medcare, Inc. d/b/a Practice Plus ("Practice Plus") argues that the Court properly excluded certain testimony, and thus the Plaintiff is not entitled to a new trial (doc. #173). For the reasons discussed below, Murphy's motion is **DENIED**.

**I.   Background**

Murphy was employed by Practice Plus as a Billing and Services Coordinator in Patient Accounts. In connection with this position, she asserted that Practice Plus had made false claims and was in violation with certain compliance standards. Subsequently, Murphy claimed she was terminated from her employment with Practice Plus in retaliation for her raising claims under the Federal False Claims Act. Practice Plus, on the other hand, claimed that she was terminated for her poor job

1

performance.  The jury returned a verdict in favor of Practice Plus and against Murphy on December 5, 2008 (doc. #167).

**II. Discussion**

Murphy claims a new trial is warranted because of the Court's improper exclusion of Dr. Lucy's testimony, as well as the testimony of Tracy Brown.  Rule 59 of the Federal Rules of Civil Procedure provides that a "new trial may be granted . . . on all or part of the issues in an action in which there has been a trial by jury, for any of the reasons for which new trials have . . . been granted in actions at law in the courts of the United States."  Fireman's Fund Ins. Co. v. Aalco Wrecking Co., Inc., 466 F.2d 179, 186 (8th Cir. 1972).  However, a new trial may be granted based on the court's exclusion of evidence only when the evidence "is of such a critical nature that there is no reasonable assurance that the jury would have reached the same conclusion had the evidence been admitted."  Stephens v. Rheem Mfg. Co., 220 F.3d 882, 885 (8th Cir. 2000).

As the Court explained in its Motion in Limine Order (doc. #158), Dr. Lucy was an employee of Arkansas Health Group ("AHG"), an Arkansas not-for-profit corporation.  Murphy, on the other hand, was employed by Practice Plus, a for-profit entity.  While connected through Baptist's large association of health-related companies, these businesses were separate entities.  Furthermore, while each person's final termination was signed off by Mike

Heck, their complaints with their respective employers were brought to the attention of superiors through two different chains from the bottom up.

As the Court stressed numerous times, Dr. Lucy's alleged concerns regarding anesthesiology practices and any related billing problems were entirely different than Murphy's concerns. Based on the proffer from the attorneys, the Court made clear that Dr. Lucy was not a "protected person" under the False Claims Act in the same fashion that Murphy claimed.  He was not a whistleblower, nor was his termination a product of retaliation under the False Claims Act.  Dr. Lucy admitted that he never saw a single AHG bill and he had no idea how coding was conducted. Rather, he was fired because of a personnel conflict.  Thus, his testimony was not relevant under Rule 402 of the Federal Rules of Evidence because of the attenuated connection to the facts of Murphy's claim.  Moreover, had Dr. Lucy been allowed to testify, it would have been prejudicial under Rule 403 because the only similarity between the two cases was that he was fired.  This general fact was not enough to link the two cases and the Court was within its broad discretion in its evidentiary ruling excluding the testimony.  <u>Gill v. Maciejewski</u>, 546 F.3d 557, 562-563 (8th Cir. 2008).

The same is true of Tracy Brown's testimony.  Brown quit her job eight years after the events at issue in this case for

reasons related to race.  Her alleged complaints, like those of Dr. Lucy, are not related to whistleblowing of billing issues under the False Claims Act.  Therefore, the danger of prejudice greatly outweighed any probative value of Brown's testimony regarding her unrelated complaints against Baptist.  Stephens, 220 F.3d at 885.

Finally, even if Dr. Lucy and Tracy Brown had testified, the Court is not persuaded that the jury would have reached a different conclusion.  Practice Plus presented ample evidence of Murphy's strained relationships with coworkers and her poor performance on the job.  Any testimony by Dr. Lucy or Tracy Brown regarding the circumstances of their respective terminations would not automatically serve to bolster the claims of Murphy regarding her termination.  Because the testimony of Dr. Lucy and Tracy Brown concerned termination reasons wholly unrelated to the False Claims Act, the jury could have reasonably concluded that their alleged complaints were completely irrelevant.

### III. Conclusion

The Court properly excluded the testimony of Dr. Lucy and Brown.  The proffered testimony was irrelevant and prejudicial, and it would have created confusion and wasted time by producing a trial within a trial that would not have been helpful to the jury.  Diesel Machinery, Inc. v. B.R. Lee Industries, Inc., 418 F.3d 820, 834 (8th Cir. 2005).  The Court was within its

discretion in its evidentiary ruling to exclude the testimony, and therefore Murphy's Motion for a New Trial is **DENIED**.

**IT IS SO ORDERED.**

Dated this 22nd day of December, 2008.

*/s/ Rodney S. Webb*
RODNEY S. WEBB   District Judge
United States District Court